Perez v Twin Parks, L.P. (2023 NY Slip Op 02287)

Perez v Twin Parks, L.P.

2023 NY Slip Op 02287

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Kern, J.P., Oing, Kennedy, Shulman, Higgitt, JJ. 

Index No. 28778/18E Appeal No. 154 Case No. 2022-04497 

[*1]Ramon Perez, Plaintiff-Appellant,
v
Twin Parks, L.P., et al., Defendants-Respondents.

Law Office of Stephen H. Frankel, Garden City (Melissa A. Lenowitz of counsel), for appellant.
Wood Smith Henning & Berman LLP, New York (Carl L. Steccato of counsel), for respondents.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about September 22, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
The court correctly denied plaintiff's motion for summary judgment on liability in this action in which plaintiff slipped and fell while descending a stairwell in a building owned and managed by defendants. Defendants' superintendent testified that "wet floor" signs were placed on each landing where a stairwell entrance door existed to alert people of a possible wet stairs condition. Moreover, the evidence, including surveillance video, established that defendants placed "wet floor" signs on the second-floor stairwell entrance near the incident location, and that plaintiff walked passed them as he descended the stairwell carrying a large gift box. The superintendent explained that signs could not also be posted in front of, thus blocking, a nearby emergency exit door. In addition, the incident occurred more than an hour after the porter mopped the stairs, and plaintiff testified he did not see water on the steps before he fell, raising a question as to whether the floor was even still wet. Accordingly, the testimony and surveillance video raised triable issues of fact regarding the reasonableness of the warning and thus regarding defendants' liability (see Zubillaga v Findlay Teller Hous. Dev. Fund Corp., 197 AD3d 428, 432 [1st Dept 2021]; Pomahac v TrizecHahn 1065 Ave. of Ams., LLC, 65 AD3d 462, 465-466 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023